IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

FILED
AUG 28 PM 3:36
U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED
AUG 28 1997

| | |
|---|---|
| GARY MERTZ, DEBORAH TURNER, and WESLEY SIMMONS, on behalf of themselves and all others similarly situated, ) ) ) ) ) | |
| Plaintiffs, ) | CIVIL ACTION NO. 96-G-1208-S |
| v. ) ) | |
| TREETOP ENTERPRISES, INC., ) ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

This cause is before the court upon the matter of whether the 549 putative plaintiffs who responded to the defendant's interrogatories should be allowed to become parties to this action. the plaintiffs' motion to amend the complaint is also pending.

The court is of the opinion that <u>Grayson v. K Mart</u>, 79 F.3d 1086 (11th Cir. 1996), provides guidance as to the manner in which this action should proceed. While some of the putative plaintiffs' responses may be deficient, plaintiffs should be allowed to demonstrate that class-wide violations of the FLSA occurred. At this stage the inquiry is whether a class should be conditionally certified. The putative plaintiffs' answers to the defendant's interrogatories provide a starting point for that

inquiry. The inquiry at this stage relates to the presence or absence of a class-wide violation of the FLSA. The number of putative plaintiffs responding to the defendant's interrogatories suggests that there are at least some "similarly situated"[1] employees who believe the provisions of the FLSA were violated. Grayson provides the framework for analyzing those allegations:

> The plaintiffs bear the burden of demonstrating a "reasonable basis" for their claim of class-wide discrimination.[2] The plaintiffs may meet this burden, which is not heavy, by making substantial allegations of class-wide discrimination, that is, detailed allegations supported by affidavits which "successfully engage defendants' affidavits to the contrary."

79 F.3d at 1097 (citations omitted).

If the plaintiffs meet their burden, a class should be certified, subject to decertification following the completion of discovery. See, Mooney v. Aramco Services Co., 54 F.3d 1207, 1213-14 (5th Cir. 1995)(explaining the two-stage class certification procedure that this court intends to follow). If at that time it appears that some or all of the class members are not "similarly situated" to the representative plaintiffs, or if discovery demonstrates that no class-wide violation of the FLSA

---

[1] "[P]laintiffs need show only 'that their positions are similar, not identical,' to the positions held by the putative class members." Grayson at 1096.

[2] Grayson involved age discrimination. The provisions of section 216(b) are made applicable to class actions brought under the ADEA by 29 U.S.C. § 626(b). The equivalent inquiry in the instant action is whether there was a class-wide violation of the FLSA.

2

occurred, the class would be subject to decertification. The court does not feel it is necessary to examine the circumstance of each and every putative plaintiff in order to determine whether a class should be conditionally certified. It is sufficient at this stage for the plaintiffs to demonstrate that their claim of class-wide violations has a "reasonable basis," and that there are "similarly situated" employees wishing to join in this action.

If a particular putative plaintiff's answer to defendant's interrogatories is insufficient, defendant may file an appropriate discovery motion, setting forth with particularity the grounds upon which it is based. However, the court is of the opinion that the current focus should be on those putative plaintiffs who adequately answered the interrogatories, appear to be "similarly situated," and make allegations that would provide a "reasonable basis" for a finding of class-wide violations. Following the completion of discovery defendant will have an opportunity to file a motion for decertification with respect to those class members it feels are not, in fact, "similarly situated."

The plaintiffs' motion to amend will be treated as a motion for class certification. A schedule for consideration of whether a class should be conditionally certified will be established by separate order. In their submissions, the parties should address the criteria set forth in <u>Grayson</u> as to the existence of a class-wide violation of the FLSA. The court will

deny the defendant's motion to prohibit the 549 putative plaintiffs from becoming parties.

Appropriate orders will be entered contemporaneously herewith.

DONE this 28th day of August 1997.

_____
UNITED STATES DISTRICT JUDGE
J. FOY GUIN, JR.

4